Ms. Missy Leflar Director of Human Resources, City of Fayetteville Human Resources Department
113 West Mountain Fayetteville, Arkansas 72701
Dear Ms. Leflar:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You report that you have received a FOIA request for the "personnel files" of two different employees, which files "normally contain" any documents related to an employee's termination. The FOIA request appears to encompass both personnel records and employee evaluation records. Because your opinion request only asks this office to opine about your decision regarding employee evaluation records, and your request does not indicate what, if any, decision you made regarding personnel records, this opinion only pertains to employee evaluation records.
RESPONSE
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. The first two elements appear met. First, the City of Fayetteville is subject to the FOIA because the city is a public entity. Because the documents you attached to your request are *Page 2 
documents that indicate the performance or lack of performance of a public official or employee, the documents are public records. Therefore, the only issue is whether some exemption requires the documents be withheld.
One such potential exemption is for "employee evaluation and job performance records." Because you have characterized the attached documents as employee evaluation records, this exemption is most relevant to whether your opinion is consistent with the FOIA. While the FOIA does not define the phrase, this office has consistently opined that "employee evaluation and job performance records" refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id. Because the attached documents detail an internal investigation of alleged misconduct, your decision to characterize them as employee evaluation records is consistent with the FOIA.
If a document is properly characterized as an employee evaluation record, the document may only be released if all three of the following elements are met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2009); see generally Op. Att'y Gen. 2008-065.
In my opinion, the first two elements are met. The first element is met because, upon inquiry, I have learned that the time for an administrative appeal of the termination proceedings have expired. The second element is met because the attached documents detail the internal investigation that formed the basis for the termination decisions. *Page 3 
Therefore, the only remaining question is whether the public has a compelling interest in the documents. The FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
Applying these criteria to the two sets of employee evaluations you attached to your request, I believe the public probably does have a compelling public interest in the records. Of the three factors elucidated above, the first and third factors appear met. As for the first factor — the nature of the infractions — one former employee was, according to the factual conclusions of the investigation, consistently misusing large portions of paid time at work. In this instance, the frequency and duration of the misconduct while on paid time likely to rises to the level of abusing the public trust. The other employee was terminated because of several instances of managerial misconduct, the cumulative effect of which was, according to the factual conclusions of the investigation, sufficient to warrant immediate termination. Given the immediate termination, the factual findings in *Page 4 
the investigation that the misconduct was habitual, the cumulative effect of the misconduct likely gives rise to gross incompetence, and therefore, satisfies the first factor. As for the third factor, both former employees were high-ranking employees, which satisfies the third factor. I lack sufficient facts to assess whether the second factor — the existence of a public controversy — is met. Regardless, in my opinion, given these specific facts, the manner in which the first and third factors are met is sufficient to conclude that the public has a compelling interest in the documents. Therefore, your decision to withhold these documents for lack of a compelling public interest is, in my opinion, inconsistent with the FOIA.
I must also note that the employee evaluation records of one employee references two other employees by name. Neither of those two other employees appear to have been the subject of the internal investigation that resulted in the employee evaluation record being created. Because those employee were specifically named, I believe the record may also be those employees' "personnel records," in addition to being the employee evaluation record of the employee who was the subject of the investigation.[1] E.g., Op. Att'y Gen. Nos. 2009-147, 2008-044. Under the FOIA, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). In my opinion, the release of the name of the female employee who lodged certain complaints would constitute a clearly unwarranted invasion of her personal privacy. Therefore, her name must be redacted from the employee evaluation record. The release of the *Page 5 
name of the other employee, a male who is specifically mentioned by first and last name, in my opinion, probably does not constitute a clearly unwarranted invasion of his personal privacy.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM/RO:cyh
[1] The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3d ed., 1998), at 134.
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).